IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-HC-2057-FL

| | | |
|---|---|---|
| DEONTRAYVIA ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEPHANIE HOLLEMBAEK, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Deontrayvia Adams ("Adams" or "petitioner"), a federal inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE 1), accompanied by a memorandum in support of the petition (DE 1-1) and three exhibits (DE 1-2). The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

On July 3, 2007, petitioner was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing marijuana in violation of 21 U.S.C. § 844(a). See United States v. Adams, No. 5:07-CR-6-FL-1 (E.D.N.C. July 3, 2007). On October 16, 2007, petitioner was sentenced as an Armed Career Criminal to 235 months imprisonment for the felon in possession offense, and 36 months imprisonment for possession of marijuana to run concurrently. See id., No. 5:07-CR-6-FL-1 (E.D.N.C. Oct. 16, 2007). On appeal to the Fourth Circuit Court of Appeals, petitioner argued that the district court had erred when, after the court's deadline for pre-trial motions had passed, it denied his right to file a motion to suppress. He also

argued that his original trial counsel's failure to timely file the motion constituted ineffective assistance of counsel, that the district court violated his Confrontation Clause rights by limiting cross-examination of key witnesses, and that the district court improperly classified him as an Armed Career Criminal. United States v. Adams, 378 F. App'x 304, 305 (4th Cir. 2010). The Fourth Circuit vacated petitioner's conviction on the first ground, and ordered a limited remand for consideration of the suppression motion. The court found the remaining three assertions of error to be without merit. Id. On remand, the district court held a suppression hearing and denied petitioner's motion to suppress. Adams, No. 5:07-CR-6-FL-1 (E.D.N.C. Dec. 27, 2010). The Fourth Circuit affirmed the district court's judgment. United States v. Adams, 462 F. App'x 369 (4th Cir. 2012). On May 29, 2012, the Supreme Court of the United States denied petitioner's petition for writ of certiorari. Adams v. United States, 132 S. Ct. 2697 (2012).

On June 17, 2013, petitioner, through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in his sentencing court. See Adams, No. 5:07-CR-6-FL-1 (E.D.N.C. June 17, 2013). He alleged that (1) the ACCA is unconstitutional, rendering the enhancement to his sentence improper; (2) the offenses resulting in petitioner's ACCA enhancement were improper predicate offenses; and (3) trial counsel was ineffective for failing to file a motion to suppress and failing to obtain a video of petitioner's traffic stop. See id. On June 11, 2015, the district court adopted the Magistrate Judge's recommendation that the § 2255 motion be dismissed. See id., No. 5:07-CR-6-FL-1 (E.D.N.C. June 11, 2015). The deadline for appeal expired and the court denied petitioner's *pro se* motion for an extension of time to file an appeal. See id., No. 5:07-CR-6-FL-1 (E.D.N.C. Mar. 16, 2016).

2

On June 24, 2016, proceeding *pro se*, petitioner filed a second § 2255 motion in his sentencing court, arguing that he no longer qualifies as an Armed Career Criminal in light of United States v. Johnson, 135 S. Ct. 2551 (2015) and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015).[1] See Adams, No. 5:07-CR-6-FL (E.D.N.C. June 24, 2016). On August 5, 2016, the government filed a motion to dismiss the § 2255 motion. Id., No. 5:07-CR-6-FL-1 (E.D.N.C. Aug. 5, 2016). A Rule 12 letter was issued to petitioner on August 5, 2016. See id., No. 5:07-CR-FL-1 (E.D.N.C. Aug. 5, 2016). In response, petitioner filed a motion to withdraw his § 2255 petition. Id., No. 5:07-CR-FL-1 (E.D.N.C. Aug. 17, 2016). On September 22, 2016, petitioner's sentencing court denied the successive § 2255 motion. Id., No. 5:07-CR-6-FL-1 (E.D.N.C. Sept. 22, 2016). The court ruled that it lacked jurisdiction over petitioner's § 2255 motion on the ground that the Fourth Circuit had previously denied petitioner's application for authorization to file a second or successive § 2255 motion under Johnson.[2] Id. The court denied the motion to withdraw as moot. See Adams, No. 5:07-CR-6-FL-1 (E.D.N.C. Sept. 22, 2016).

On March 28, 2016, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241. Petitioner continues to seek relief under Johnson and Newbold. See Pet. (DE 1) at ¶ 13. His petition is subject to dismissal on two grounds.

---

[1] In Johnson, the Supreme Court held the residual clause in the Armed Career Criminal Act violates the Due Process Clause of the United States Constitution. Johnson, 135 S. Ct. at 2563. In Newbold, the Fourth Circuit held that the improper imposition of an ACCA-enhanced sentence is an error that is retroactively cognizable on collateral review. Newbold, 791 F.3d at 460.

[2] On June 27, 2016, the Fourth Circuit entered an order denying petitioner's motion to that court pursuant to 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion to challenge his sentence under Johnson and Newbold. See In re: Deontrayvia Adams, No. 16-9309, slip op. at 1 (4th Cir. June 26, 2016) (denying the motion). The Fourth Circuit noted that petitioner's prior drug offenses "remain proper predicate offenses under the ACCA." Id.

3

First, petitioner fails to meet the criteria that would allow him to pursue his claim under § 2241. Although petitioner filed his claim under § 2241, he is attacking the legality of his conviction and sentence. Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000); In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997) (en banc); see also Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (citing In re Vial, 115 F.3d at 1194).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d at 333–34. In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d at 1194 n.5.

With respect to his claims, petitioner is unable to meet the second prong of the Jones test because the substantive law has not changed so that his conduct –felon in possession of a firearm and possession of marijuana– is no longer criminal. See, e.g., Rice, 617 F.3d at 807. Because

4

petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.

Second, the Fourth Circuit Court of Appeals has found that petitioner's prior drug offenses remain proper predicate offenses under the ACCA, see In re Adams, No. 16-9309, slip op. at 1 (4th Cir. June 27, 2016).

In sum, because petitioner has failed to show that § 2255 is inadequate or ineffective to address his claims, he has failed to satisfy the § 2255 gatekeeping provision, and thus, may not proceed on this claim under § 2241. Additionally, because use of his predicate offenses under the ACCA was proper, he has failed to show a meritorious basis for his claim.

Based upon the reasons stated above, the court DISMISSES without prejudice petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241. In light the court's dismissal of petitioner's petition, his motion for bond (DE 4) is denied as moot. The court DENIES a certificate of appealability. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 6th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge